The document below is hereby signed.

Signed: March 21, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge


UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA


In re                          )
                               )
TIKIRIBANDARA MAYURA           )     Case No. 10-00525
BOGOLLAGAMA,                   )     (Chapter 11)
                               )
            Debtor.            )
_____)
                               )
TIKIRIBANDARA MAYURA           )
BOGOLLAGAMA,                   )
                               )
            Plaintiff,         )
                               )
        v.                     )     Adversary Proceeding No.
                               )     10-10055
AMERICAN HOME MORTGAGE INC.    )
and BLUMENTHAL & CARDONE,      )
LLP,                           )
                               )     Not for Publication in
            Defendants.        )     West's Bankruptcy Reporter


MEMORANDUM DECISION AND ORDER RE
MOTION OF BLUMENTHAL & CARDONE PLLC TO DISMISS

Blumenthal & Cardone PLLC has moved to dismiss this

adversary proceeding as to one of the named defendants,

Blumenthal & Cardone, LLP, based on lack of proper service and

based on Fed. R. Civ. P. 12(b)(6) for failure to state a claim

upon which relief can be granted.  Blumenthal & Cardone PLLC is a

law firm.   The plaintiff sued the law firm using the erroneous

name Blumenthal & Cardone, LLP.   In opposing the motion to

dismiss, the plaintiff implicitly acknowledges that he meant to

sue Blumenthal & Cardone PLLC and asks the court not to dismiss

the adversary proceeding as to that entity.

I

It is appropriate to consider first the issue of lack of

jurisdiction over the person before reaching the Rule 12(b)(6)

motion.   *See IMark Marketing Services, LLC v. Geoplast S.p.A. —

F.Supp.2d ----*, 2010 WL 4925293 *5 (D.D.C. Dec. 6, 2010), quoting

*Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir.

1963):

> Not only does logic compel initial consideration of the
> issue of jurisdiction over the defendant--a court without
> such jurisdiction lacks power to dismiss a complaint for
> failure to state a claim--but the functional difference
> that flows from the ground selected for dismissal
> likewise compels considering jurisdictional and venue
> questions first. A dismissal for lack of jurisdiction or
> improper venue does not preclude a subsequent action in
> an appropriate forum, whereas a dismissal for failure to
> state a claim upon which relief can be granted can be
> granted with prejudice.

320 F.2d at 221.

The plaintiff asserts that the appearance of the defendant

at the scheduling conference waives the lack of proper service,

citing decisions that go back to 1908 or earlier.   Under current

law, Fed. R. Civ. P. 12(h) governs waiver of such a defense, and

the defense of lack of proper service has not been waived.

Accordingly, the proceeding will be dismissed without prejudice as to Blumenthal & Cardone LLP for lack of proper service.

## II

Even though I do not reach the Rule 12(b)(6) request, I note that the amended complaint, which is confusing with respect to what it is trying to plead as to the other defendant, American Home Mortgage Inc., does not even specify any acts at all by Blumenthal & Cardone PLLC (or LLP).  Such a complaint is unlikely to pass Rule 12(b)(6) muster (or even to pass muster under Fed. R. Bankr. P. 9011) if proper service *is* effected.

## III

Based on the foregoing, it is

ORDERED that this adversary proceeding is dismissed as to Blumenthal & Cardone LLP (and as to Blumenthal & Cardone PLLC) without prejudice for lack of proper service.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.

G:\TRES\Judge Temp Docs\Mogollagana v American Home Mtg -Mem Decsn re Blumenthal & Cardone MTD.wpd