The document below is hereby signed.

Signed: March 21, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TIKIRIBANDARA MAYURA | ) | Case No. 10-00525 |
| BOGOLLAGAMA, | ) | (Chapter 11) |
| | ) | |
|       Debtor. | ) | |
| _____ | ) | |
| | ) | |
| TIKIRIBANDARA MAYURA | ) | |
| BOGOLLAGAMA, | ) | |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
|       v. | ) | Adversary Proceeding No. |
| | ) | 10-10055 |
| AMERICAN HOME MORTGAGE INC. | ) | |
| and BLUMENTHAL & CARDONE | ) | |
| LLP, | ) | |
| | ) | Not for Publication in |
|       Defendants. | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER
<u>DENYING EMERGENCY MOTION FOR RECONSIDERATION</u>

The plaintiff has filed an emergency motion to reconsider this court's order denying his motion for default judgment against the defendant American Home Mortgage Inc. To properly serve a domestic corporation, partnership, or other unincorporated association under Rule 7004 by first class mail, a

plaintiff is required to "mail[] a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." The plaintiff asserts that he made service on an authorized agent.

The plaintiff asserts, first, that service on Scott Robinson was proper service on American Home Mortgage because Robinson was the attorney for the defendant when it moved for relief from the automatic stay in the bankruptcy case within which this adversary proceeding was filed. Robinson's representation of American Home Mortgage with respect to securing relief from the automatic stay to permit an eviction proceeding to go forward did not make him an "agent authorized by appointment or by law to receive service of process." There is nothing filed by American Home Mortgage expressly appointing Robinson to act as its agent for service of process in the case other than with respect to the motion for relief from the automatic stay

Nor can Robinson's limited appearance be construed as evidencing an implied agency for purposes of service of process under Rule 7004(b)(3). To find such an implied agency, "courts look at all the circumstances under which the [party] appointed the attorney to measure the extent of the authority that the

client intended to confer.  If the purported agent's activities in the forum are substantial and involve the significant exercise of independent judgment and discretion, service on the agent is valid even in the absence of express authorization to accept service of process." *Ms. Interpret v.* Rawe Druck-Und-Veredlungs-GmbH (*In re Ms. Interpret*), 222 B.R. 409, 416 (Bankr. S.D.N.Y. 1998).  Robinson undertook no acts suggesting that he was acting as the agent of American Home Mortgage with respect to all matters that might arise in the case.  He accomplished his client's goal with respect to the one matter upon which he entered an appearance: obtaining an order lifting the automatic stay so that eviction litigation being handled by other attorneys elsewhere might proceed.  The plaintiff asserts that Robinson has stated that he intends to continue to represent American Home Mortgage with respect to issues relating to the property, but that does not support an inference that American Home Mortgage authorized Robinson to serve as its agent with respect to the service of a summons and complaint seeking affirmative relief against American Home Mortgage.

    The plaintiff asserts, second, that he served the summons and complaint on Edward J. Cardone, and that Cardone must be treated as the agent for American Home Mortgage for Rule 7004(b)(3) purposes.  Cardone acted as American Home Mortage's attorney in the eviction proceeding in the Superior Court of the

3

District of Columbia.  The plaintiff contends that Cardone certified on the complaint for possession in the Superior Court eviction proceeding, in attesting to the grounds for eviction, that he is the agent of the subject property.  The attestation was on a form complaint calling for the signer attesting to the grounds for eviction to check one of three boxes:

- ☐   he or she is the landlord and/or
- ☐   licensed real estate broker or
- ☐   the landlord's authorized agent of the [property].

The purpose is to let the court know why the signer has knowledge that would permit the attestation.  (The boxes are not very apt for an eviction complaint based on failure to vacate after the debtor's property has been purchased at a foreclosure sale, but Cardone checked the box that came closest to describing his role.)  In checking the box indicating that he was the landlord's authorized agent of the property, Cardone was doing nothing more than indicating that he had knowledge based on his representation of American Home Mortgage in its eviction efforts.  The checking of the box indicating that the signer had knowledge as agent with respect to the property is not inconsistent with the signer merely being the attorney for American Home Mortgage with respect to undertaking steps to evict the debtor.  It cannot be viewed as implying that the attorney was an agent of American Home Mortgage for purposes of service of process in some other forum with

respect to claims against American Home Mortgage. "Indeed, even where an attorney has broad power to represent a client, 'these powers of representation alone do not create a specific authority to receive service.'" *Davies v. Jobs & Adverts Online*, 94 F.Supp.2d 719, 722 (E.D.Va.2000) (quoting *United States v. Ziegler Bolt and Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997)).

The plaintiff has it readily in his power to effectuate service by mail by complying with Rule 7004(b)(3) without attempting to rely on strained arguments as to who constitutes an agent of the defendant. It is thus

ORDERED that the emergency motion for reconsideration (Dkt. No. 26) is DENIED.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.

5